UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTONIO ANDERSON,** | : | **Case No. 1:04CV1368** |
| Petitioner, | : | **JUDGE O'MALLEY** |
| v. | : | **ORDER** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | |

# I. INTRODUCTION.

On October 30, 2002 petitioner Antonio Anderson ("Anderson") was indicted for possession with intent to distribute 234 grams of crack cocaine. Anderson pleaded guilty to the charge on February 28, 2003. On July 3, 2003 Anderson was sentenced to 87 months imprisonment and five years of supervised release. The Court issued the judgment and commitment on July 16, 2003. Anderson's plea agreement prohibited the filing of a direct appeal. Anderson, *pro se*, filed the instant *Motion to Vacate, Set Aside, or Correct his Sentence* under 28 U.S.C. § 2255 (Doc. 1) (the "2255 motion") on July 20, 2004. The United States of America (the "government") filed an Answer to Anderson's 2255 motion on August 9, 2004. Anderson did not reply to the government or supplement his original 2255 motion in any way. For the reasons more fully discussed herein, Anderson's *Motion to Vacate, Set Aside, or Correct his Sentence* (Doc. 1) is **DENIED** and this action is **DISMISSED**.

# II. DISCUSSION.

Anderson's 2255 motion alleges that he is being held in violation of the Constitution for three reasons: (1) his lawyer failed to inform the Court during sentencing that some of the cocaine he possessed was for his personal use; (2) his lawyer failed to seek a downward departure from his

sentence due to his mother's illness; and (3) his lawyer failed to inform him of his right to file a direct appeal. All of Anderson's alleged grounds, therefore, fall within the general gambit of ineffective assistance of counsel. After examining the parties' filings and reviewing the record, the Court finds each of Anderson's assertions to be without merit.

### A. Standard of Review.

A petitioner who moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255.

As discussed above, each of Anderson's asserted grounds address the assistance of his counsel, he must, therefore, satisfy the following two part test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland v. Washington, 466 U.S. 668, 687 (1984). Anderson "must establish his ineffective assistance of counsel claim by a preponderance of the evidence." Short v. United States, 471 F.3d 686, 691 (6th Cir. 2006) (citing Pough v. United States, 442 F.3d 959, 964 (6th Cir. 2006)). When considering Anderson's contentions, the Court, "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Strickland, 466 U.S. at 689.

2

### B. Anderson Has Failed to Show that His Attorney's Conduct Caused Him to Reach a Different Decision Regarding His Plea.

Anderson, who pleaded guilty, "must demonstrate the existence of an error of constitutional magnitude" that had a "substantial and injurious effect or influence" on the plea. Griffin v. United States, 330 F.3d 733, 736 (6th Cir.2003).  The Supreme Court has developed a specific prejudice standard for defendants who plead guilty:  "[s]uch a defendant 'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial.'" Short, 471 F.3d at 696 (quoting Hill v. Lockhart, 474 U.S. 52, 59(1985)); see also Nagi v. United States, 90 F.3d 130, 134-35 (6th Cir. 1996) ("[when] claiming ineffective assistance of counsel in the context of a guilty plea, [a petitioner] must show that his counsel's performance was deficient *and* that the deficient performance caused [the petitioner] to reach a different decision regarding his plea.") (emphasis added) (citing O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994)).

When challenging a sentence resulting from a plea agreement, the Sixth Circuit has held that: "[a] plea agreement consists of the terms disclosed in open court," and a petitioner "cannot [] be allowed to prove that the plea agreement was otherwise than it appeared." Belle v. United States, 142 F.3d 431 (Table), 1998 WL 96553, at *4 (6th Cir. 1998) (citing Nagi, 90 F.3d at 134). Anderson's plea agreement clearly stated that he would be subject to a 120-month mandatory minimum period of confinement despite the government's request for a three-level reduction of his base offense level.  Notably, though Harvey Bruner, Anderson's counsel, did not seek a downward departure in contravention of the plea agreement, he did successfully argue that a prior municipal court conviction should not have been included in Anderson's criminal history calculation.  As a result, Anderson avoided the 120-month mandatory minimum sentence referred in the plea agreement, and, in fact, received a substantially

3

reduced sentence of 87 months. It is, therefore, surprising that Anderson would now contend that his sentence resulted from serious errors on the part of his counsel. In any event, the Sixth Circuit has rejected the contention that a petitioner is provided ineffective assistance by an attorney who fails to object to a sentencing determination derived from a previous version of the United States Sentencing Guidelines, because: "*the plea agreement clearly set forth the sentencing range . . . [petitioner]'s failure to object to the terms of the agreement at the crucial moment of sentencing waived his challenge.*"[1] Nagi, 90 F.3d at 134 (emphasis added). Anderson's untimely objection to the terms of his plea agreement is barred for the same reason.

Furthermore, binding precedent requires the Court to deny Anderson's motion for a second, independent basis. In Belle, the Sixth Circuit found that, when a petitioner: "blame[s] his counsel as the 'cause' for his failure to make a contemporaneous objection . . . . [He] must show that his counsel's performance was deficient *and that the deficient performance caused [him] to reach a different decision regarding his plea.*" Belle, 1998 WL 96553, at *4 (emphasis added) (citing Nagi, 90 F.3d at 135). The Court further stated that: "[petitioner's] ineffective-assistance argument fails, since he has not argued that he would not have pleaded guilty but for his counsel's alleged ineffectiveness. He is, therefore, bound by the plea agreement." Id. at *5. Nowhere in Anderson's motion does he suggest that, but for his attorney's failure to seek certain downward departures, he would have insisted on going to trial. Indeed, Anderson's 2255 motion does not seek a trial, it only requests a retroactive application of the departures described above. Anderson's failure to argue that he would not have pleaded guilty but for his counsel's alleged ineffectiveness, therefore, requires denial of his 2255 motion. Belle, 1998 WL

---

[1] Here, as discussed above, Anderson actually received a more lenient sentence than that disclosed in his plea agreement. Anderson, therefore cannot argue that his attorney's failure to object was error *or* that he was prejudiced.

4

96553, at *5; see also Nagi, 90 F.3d at 135-36 ("[petitioner] failed to argue that there was a reasonable probability that, but for his counsel's alleged errors, he would not have pled guilty and would have insisted on going to trial. Hence, [petitioner] has not fulfilled the 'cause' requirement in order to excuse his procedural default."). Anderson, like the petitioners in Nagi and Belle, has also failed to satisfy the "cause" requirement and his motion must be dismissed.[2]

### C. Anderson Was Advised of His Appellate Rights.

Finally, the entire basis for Anderson's remaining argument is that he "asked [his] lawyer some questions relating to filing a direct appeal and I told [him] that I was interested in filing one after he failed to raise the downward departure issue, and he told be that it was not necessary." In an affidavit, Mr. Bruner, however, stated that he informed Anderson that he would charge an additional fee to pursue an appeal, but that in his professional judgment pursuing an appeal would not be in Anderson's best interest because he had secured the lowest possible sentence. Mr. Bruner further stated that Anderson never advised him that he wished to file an appeal. In the absence of any other supporting evidence, the

---

[2] Though it need not reach the issue, the Court also finds that Anderson's assertions fail to establish the deficient performance required under Strickland. First, as to his counsel's failure "to point out . . . that some of the cocaine was for [his] personal use," the government argues that this assertion is simply an improper attempt to renege on his plea agreement. The Court agrees. Anderson stipulated in his plea agreement (an initialed next to the paragraph) that he "did knowingly and intentionally possess with intent to distribute approximately 234.8 grams of a mixture or substance containing a detectable amount of cocaine base . . . ." (Plea Agreement at ¶ 15A).

Anderson also suggests that his attorney's failure to request a downward departure so that he could care for his mother denied him effective assistance of counsel. Such departures, however, are strongly discouraged and require specific findings concerning the defendant's involvement with the care of the ill family member. See United States v. Tocco, 306 F.3d 279, 294-95 (6th Cir. 2002). Anderson made no mention of his mother's illness during his probation interview, and Anderson did not even reside with his mother at the time of sentencing. The alleged failure to raise an argument with such a low probability of success cannot be considered ineffective assistance of counsel for purposes of § 2255.

5

Court will not credit Anderson's unsupported, self-serving assertion and reject that of his counsel. See Toledo-Yin v. United States, 26 Fed. Appx. 406, 408 (6th Cir. 2001). Furthermore, the Court made clear to Anderson, at the time of his plea and again during sentencing, that his acceptance of the plea agreement waived virtually all of his rights to a direct appeal, thus making any desire to file a direct appeal an almost entirely futile one. Finally, the Court also informed Anderson of his non-waivable rights to appeal and to collaterally attack his sentence, some of which Anderson has exercised here, by virtue of this petition. Thus, in the face of the undersigned's instructions (and those of his counsel) respecting his rights to appeal, and Anderson's knowing waiver of most of his appellate rights, the Court finds Anderson's contention that he was not adequately advised of his appellate rights to be meritless.

## III. CONCLUSION.

Where, as here, a § 2255 motion and the files and records of the case conclusively show that the moving party is entitled to no relief, the court is not required to serve notice of the motion on the United States attorney, and no hearing of any kind is required." Green v. United States, 65 F.3d 546, 548 (6th Cir.1995). The Court only conducts a hearing to resolve a disputed issue of material fact that is essential to the Court's judgment of the motion. Because it is plain from Anderson's motion that his claims in support of his 2255 motion are entirely without merit, no hearing is required. For the foregoing reasons, Anderson's 2255 motion is **DENIED** and this action is **DISMISSED**. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                s/ Kathleen M. O'Malley
               **KATHLEEN McDONALD O'MALLEY**
               **UNITED STATES DISTRICT JUDGE**

**Dated**: May 15, 2007